
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

PRINCE WOODARD,

             Defendant.

17-CR-297-001
Statement of Reasons Pursuant
to 18 U.S.C. § 3553(2)

**JACK B. WEINSTEIN**, Senior United States District Judge:

**Appearances**

    **For the United States:**

        Temidayo Aganga-Williams
        United States Attorney's Office, EDNY
        271 Cadman Plaza East
        Brooklyn, NY 11201
        718-254-6183
        Temidayo.Aganga-Williams@usdoj.gov



    **For the Defendant:**

        Len H. Kamdang
        Federal Defenders of New York, Inc.
        1 Pierrepont Plaza, 16th Floor
        Brooklyn, NY 11201
        718-407-7414
        len_kamdahng@fd.org

Table of Contents

I. Introduction ........................................................................................................................ 2
II. Facts .................................................................................................................................... 2
  a. Arrest ............................................................................................................................... 2
  b. Guilty Plea ...................................................................................................................... 3
  c. Remand ........................................................................................................................... 3
  d. Sentencing ....................................................................................................................... 3

III.  Offense Level, Category, and Sentencing Guidelines Range ............................................. 3
IV.   Law ................................................................................................................................. 4
V.    18 U.S.C. § 3553(a) Considerations and § 3553(a)(2)(B) Deterrence ............................. 5
VI.   Conclusion ...................................................................................................................... 6

I.   Introduction

Prince Woodard was charged with, and pled guilty to, felon-in-possession of a firearm. Presentence Investigation Report ("PSR") ¶ 1. Mr. Woodard has a significant criminal history related to gun possession and violence. Some of his past conduct is related to his struggle with substance abuse and mental health issues, which for the first time in his life he is receiving treatment for.

Mr. Woodard is sentenced to 40 months in prison and three years supervised release. Hr'g Tr. 20:6. He will continue to receive psychiatric and substance abuse treatment while incarcerated and when released to probation. Hr'g Tr. 7:6-15.

II.  Facts

Over 15 years ago, Prince Woodard was convicted of Robbery and use of a Firearm During a Crime of Violence and was sentenced to 30 months incarceration. PSR ¶ 5. Because of this conviction, Mr. Woodard is permanently barred from possessing any firearm or ammunition. *See* 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person—who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess . . . any firearm or ammunition.").

a. Arrest

On April 6, 2017, the New York Police Department ("NYPD") received a 911 call reporting an assault in progress at an apartment in Brooklyn, by an assailant possibly in possession of a firearm. PSR ¶ 6. NYPD officers responded to the apartment building and

immediately encountered a person, Mr. Woodard, who matched a description given by the 911 caller. PSR ¶ 6. The officers conducted a search of Mr. Woodard and recovered a loaded nine millimeter pistol and ten rounds of ammunition, and placed him under arrest. PSR ¶ 8-9.

On April 21, 2017, Mr. Woodard was released from custody on a $150,000 bond. Federal Defenders Sentencing Memorandum ("Def.'s Mem.") at 1.

b. Guilty Plea

Prince Woodard pled guilty on June 14, 2017, to the crime of felon-in-possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). *See* U.S. Attorney, Sentencing Memorandum, ECF No. 29, Oct. 24, 2017 ("U.S. Mem.").

c. Remand

Seven days after his guilty plea, while on supervised release, Mr. Woodard allegedly assaulted his former fiancé, Diana In, and her two minor children. PSR ¶ 3. Ms. In refused to pursue charges against Mr. Woodard; however, a warrant was issued for his arrest, his bond was revoked, and he was taken into custody. *Id.*

d. Sentencing

The court held a videotaped sentencing hearing on October 25, 2017. *See In re Sentencing*, 219 F.R.D. 262, 264 (E.D.N.Y. 2004) ("The sentencing hearing normally requires that the defendant be observed for credibility, mental astuteness, physical characteristics, ability to withstand the rigors and dangers of incarceration, and a myriad other relevant factors. In many instances, it is necessary to observe the employer's and familial ties to the defendant. A judge applies mental impressions of many tangible and intangible factors when imposing a sentence."). Mr. Woodard's ex-fiance and his three children were present. Hr'g Tr. 2:15-19.

III. Offense Level, Category, and Sentencing Guidelines Range

Because Mr. Woodard has a prior conviction of a violent felony, the base offense level for unlawful possession of a firearm is 20. *See* USSG § 2K2.1(a)(4)(A). There was no victim in this case and no enhancements related to the offense. PSR ¶ 14-17.

The offense level was decreased by two points for Mr. Woodard's acceptance of responsibility of the offense, and by one point for his timely notification to the United States that he intended to plead guilty. PSR ¶ 20-21. The total offense level is 17. PSR ¶ 22.

In addition to the aforementioned Robbery with a firearm, Mr. Woodard has a number of other prior convictions including: (1) criminal possession of a weapon in the fourth degree (semi-automatic pistol) in 1993; (2) attempted criminal possession of a weapon in the third degree (.32 caliber handgun) in 1996; (3) assault in the third degree in 2007; (4) possession of MDMA in 2012; and (5) petty larceny in 2016. PSR ¶ 24-29. The gun possession convictions from 1993 and 1996 do not add to the criminal history score because they occurred more than fifteen years prior to the current case. *See* USSG § 4A1.1 (Application Notes) ("A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period.").

The past convictions give Mr. Woodard a criminal history category of IV. PSR ¶ 8-9. An offense level of 17 with a criminal history category of IV carries a sentencing guidelines range of 37 to 46 months in custody. U.S. Mem. at 2.

IV. Law

A sentencing court considers: (1) the nature of the offense and the history of the defendant; (2) the need to provide just punishment; (3) general and specific deterrence; (4) protection of the public; and (5) the need to rehabilitate the defendant. *See U.S. v. Booker*, 543 U.S. 220, 260 (2005).

Extended sentences for gun crimes have not been shown to serve as a general or specific deterrent. *United States v. Lawrence*, 2017 WL 2462530, at *3-4 (E.D.N.Y. 2017) ("For gun crimes there is little reliable evidence of a general deterrent effect of lengthy sentencing enhancements that impose additional years of incarceration for crimes committed with a firearm . . . The fact that defendant was apprehended and has already served a term of incarceration will provide more specific deterrence than would any additional term of incarceration.") (internal citation omitted). Certainty of punishment provides the "strongest general deterrence." *Id.* at *4.

Under 18 U.S.C. § 3553(a) a court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth in the sentencing guidelines. Excessive sentences harm the individual defendants as well as place great financial burdens on society. *See* ACLU, *Mass Incarceration* (available at https://www.aclu.org/issues/mass-incarceration) ("The United States spends over $80 billion on incarceration each year").

V. 18 U.S.C. § 3553(a) Considerations and § 3553(a)(2)(B) Deterrence

Mr. Woodard was raised by two supportive parents in Brooklyn, who now live in Arizona. PSR ¶ 36. Mr. Woodard graduated high school, attended two years of college at Borough of Manhattan Community College, and has a pest control license. PSR ¶ 54-56. He has a brother who resides in Brooklyn who will assist him with gaining employment as an exterminator upon his release. PSR ¶ 37.

Mr. Woodard has three children age 17, 12, and 3, and fourth child on the way with Diana In. PSR ¶ 40-43. Ms. In reported that Mr. Woodard is a good father, but believes that he needs substance abuse treatment. PSR ¶ 43.

Mr. Woodard has a troubling history of crime related to gun possession and violence. *See infra* Section IV. Defense counsel attributed many of these past criminal acts to Mr.

5

Woodard's addiction and mental health struggles. Mr. Woodard has experienced anxiety and depression for a number of years, however, he reports that he began using alcohol and marijuana at the age of 35, just eight years ago, well after much of his criminal past. PSR ¶ 52-53.

Shortly after his arrest in this case Mr. Woodard began to engage in psychotherapy to address his anxiety and depression issues. *See* Def.'s Mem., Exh. A. His doctor commended his efforts to stay sober and accept responsibility for his actions. *Id.* He recommended that Mr. Woodard be placed in a residential treatment facility. *Id.*

Because of Mr. Woodard's criminal history and the seriousness of the offense the court sentenced Mr. Woodard to 40 months in prison and three years supervised release. He will continue to receive mental health and substance abuse treatment while incarcerated and when released to probation. Hr'g Tr. 7:6-15.

VI. Conclusion

Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: November 3, 2017
Brooklyn, New York